UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| ROBERT COLE | CIVIL ACTION NO. 11-2140-P |
| VERSUS | JUDGE WALTER |
| WARDEN CAIN | MAGISTRATE JUDGE HORNSBY |

REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

STATEMENT OF CLAIM

Before the court is a petition for writ of habeas corpus filed by pro se petitioner Robert Cole ("Petitioner), pursuant to 28 U.S.C. §2254. The petition was received and filed in this court on December 8, 2011. Petitioner is incarcerated in the Louisiana State Penitentiary in Angola, Louisiana. He challenges his state court convictions and sentences. Petitioner names Warden Burl N. Cain as respondent.

On May 28, 2008, Petitioner pleaded guilty to one count of first degree murder and one count of first degree feticide in Louisiana's Twenty-Sixth Judicial District Court, Parish of Bossier. On May 28, 2008, he was sentenced to life imprisonment at hard labor as to the first degree murder conviction and 15 years imprisonment at hard labor as to the first degree feticide conviction. The trial court ordered said sentences to run concurrently and to be

served without benefit of parole, probation, or suspension of sentence.

In support of this petition, Petitioner alleges (1) he received ineffective assistance of counsel because his attorney failed to investigate his mental health issue and present it to the court; (2) he was incompetent to stand trial pursuant to Dusky; (3) he received ineffective assistance of counsel because his attorney failed to follow constitutional and statutory practices; and (4) he received ineffective assistance of counsel because his attorney failed to raise the issue of double jeopardy.

For the reasons that follow, Petitioner is not entitled to the relief requested and his petition should be dismissed because it is barred by the one-year limitation period of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244.

## LAW AND ANALYSIS

On April 24, 1996, the AEDPA amended 28 U.S.C. § 2244 to provide for a "1-year period of limitation [that] shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The limitation period runs from the latest of four possible dates, as follows[1]:

1. the date "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;"

2. the date "the impediment to filing an application created by State action in

---

[1] The time during which a properly filed state post-conviction relief application or other collateral review is pending shall not be counted toward the period of limitations. See 28 U.S.C. § 2244(d)(2).

> violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;"

3. the date that "the constitutional right asserted was initially recognized by the Supreme Court," if it is newly recognized and made retroactively applicable; or

4. the date "the factual predicate of the claim . . . presented could have been discovered through . . . due diligence." 28 U.S.C. § 2244 (d)(1).

Therefore, in order to determine whether a petitioner has filed a timely application, the Court must allow the petitioner one year from the most recent date provided by subsections (1) through (4).

**Statutory Tolling**

In the case where a petitioner makes claims that do not implicate subsections (2) through (4), the court must determine when the petitioner's conviction became final on direct review and then toll the limitations period for the time taken for any "properly filed" collateral review applications.

Petitioner was convicted and sentenced on May 28, 2008. Petitioner did not seek direct review of his convictions and sentences. Therefore, Petitioner's one-year period commenced 30 days after May 28, 2008, or on June 27, 2008, when the limitation period for seeking direct review of his convictions and sentences expired. See La. C.Cr.P. art. 914.

The federal petition currently before the court was filed in this court on December 8, 2011 and signed by Petitioner on December 5, 2011. Since the federal clock began ticking on June 27, 2008 at the latest, and Petitioner had one full year in which to file his federal petition, Petitioner would have had to file this petition on or before June 27, 2009. This petition was not filed until December 2011, more than two years too late.

In addition, the post-conviction proceedings initiated by Petitioner in December 2009 do not serve to toll the one-year limitation period, as they were not filed within the one-year period. See supra footnote 1. Review of these proceedings continued until the Supreme Court of Louisiana denied relief on November 4, 2011. To toll the federal limitation period at all, a petitioner's post-conviction application must be filed within the federal one-year period. Petitioner did not file the application for post-conviction relief until December 2009, after the limitation period had already expired in June 2009. Thus, statutory tolling does not apply in this matter and this case is time barred.

**Equitable Tolling**

Petitioner argues that the federal one-year limitation period should be equitably tolled. The Fifth Circuit Court of Appeal has recognized that the one-year limitation period for filing a habeas corpus petition established in 28 U.S.C. §2244(d)(1) is not a jurisdictional bar and is therefore subject to equitable tolling. See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir.1998). Although equitable tolling is a "discretionary doctrine that turns on the facts and circumstances of a particular case," the Court ordinarily "draw[s] on general principles to

guide when equitable tolling is appropriate." Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999). As a general rule, equitable tolling operates only "in rare and exceptional circumstances" where it is necessary to "preserve[ ] a plaintiff's claims when strict application of the statute of limitations would be inequitable." Davis, 158 F.3d at 810-11 (citation and internal quotation marks omitted). Equitable tolling thus applies " 'principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir.1999) (citation omitted). As a consequence, neither "excusable neglect" nor ignorance of the law is sufficient to justify equitable tolling. Id.

Petitioner argues that the federal one year limitation period should be equitably tolled because after he was convicted and sentenced, he was incarcerated at the Forcht Wade Correctional Center for approximately three and half weeks. He claims that during this time he did not have access to a law library or an inmate counsel substitute to receive assistance in obtaining his court records. He claims that on June 24, 2008, he was transferred to the Elayn Hunt Correctional Center for sixteen weeks. He claims that during this time he did not have access to a law library or an inmate counsel substitute to receive assistance in obtaining his court records. Petitioner claims that on October 13, 2008, he was transferred to the Louisiana State Penitentiary. He claims that for six months he was incarcerated in extended lock-down because he had pending charges and for the next three months he was incarcerated in the working cell blocks. He claims that during this time he had very limited access to

inmate counsel substitute and no help with obtaining his records. He further claims that he was not able to reach his retained counsel.

Petitioner admits that in early June 2009, he received a copy of his transcript. He further claims he attempted to file his application for post-conviction relief in December 2009, more than five months after he received the transcript, but due to errors by the Classification Department, his petition was delayed two months.

The court finds these arguments for equitable tolling do not constitute "rare and exceptional" circumstances sufficient to toll the statute of limitations. The fact that Petitioner is proceeding pro se and was unaware of the law in this matter because he was unskilled and because of an inadequate law library are not "rare and exceptional" circumstances. See United States v. Flores, 981 F.2d 231, 236 (5th Cir. 1993); Felder v. Johnson, 204 F.3d 168, 172-173 (5th Cir.), cert. denied, 121 S.Ct. 622 (2000); Scott V. Johnson, 227 F.3d 260, (5th Cir 2000). Furthermore, Petitioner does not claim that he was unaware of the state court time limitations to file an application for post-conviction relief and the federal court time limitations to file a petition for writ of habeas. Thus, equitable tolling does not apply in this matter and this case is time barred.

For the foregoing reasons, Petitioner's habeas petition should be dismissed because it is time barred by the one-year limitation period imposed by the AEDPA.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for writ of habeas corpus be

**DENIED AND DISMISSED WITH PREJUDICE**, sua sponte, because it is time barred by the one-year limitation period imposed by the AEDPA. See Kiser v. Johnson, 1999 WL 199 (5th Cir. 1/6/99) (No. 11,292).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under Section 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b). Rule 11 of the Rules Governing

Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within **fourteen (14) days** from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, this 10 day of May 2013.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE